[No. 6,382.—Department Two.]

JOHN BENSLEY ET AL. v. STEPHEN B. WHIPPLE
ET AL.

INSUFFICIENCY OF EVIDENCE—NEW TRIAL.—An order denying a motion for a new trial *may* be reversed on the ground of insufficiency of the evidence, but it can seldom happen that there is such an entire absence of evidence to support the verdict as will justify this Court in disturbing it.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

*G. F. & W. H. Sharp*, for Appellants.

*McAllister & Bergin*, for Respondents.

SHARPSTEIN, J. :

Appellants' counsel endeavors in his brief and oral argument to prove that the evidence is insufficient to justify the verdict. An order denying a motion for a new trial may be reversed on that ground; but it can seldom happen that there will be such an entire absence of evidence to support a verdict as will justify this Court in disturbing it, particularly after the Court which tried the case has declined to do so. The reason why this Court will not interfere with an order granting or denying a motion for a new trial on that ground, where the evidence is conflicting, without any regard to its apparent preponderance, has been too often stated to render a repetition of it necessary. And it is sufficient upon this point to remark, that there is some evidence upon each of the material issues involved in this case to support the verdict.

After examining the rulings of the Court which were excepted to on the trial, and are now specified as errors of law, we are unable to discover any error in any of them for which the judgment should be reversed.

The charge of the Court was not excepted to, and the instruction asked by the appellant was substantially given.

The instructions given at the request of the respondents, and excepted to by appellants, were correct, if there was any evidence upon which the plaintiffs were entitled to recover. If there had been none, as appellants' counsel contends, the instructions would doubtless be erroneous. It is quite evident, we think, that the case hinges upon the preponderance of evidence, and that was a question for the determination of the jury.

Judgment and order denying a new trial affirmed.

THORNTON, J., and MYRICK, J., concurred.